IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LARDEAR, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-1148-RGA |
| SUPER FRESH FOOD MARKETS, INC., et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

Jeffrey K. Martin, Esq., Martin & Associates, P.A., Wilmington, DE, Attorney for Plaintiff.

Joshua H. Meyeroff, Esq., Wharton Levin Ehrmantrout & Klein, P.A., Wilmington, DE; Arlus J. Stephens, Esq., Lorrie E. Bradley, Esq., Murphy Anderson PLLC, Washington, D.C., Attorneys for Defendant United Food and Commercial Workers Local 27.

Brian M. Rostocki, Esq., Reed Smith LLP, Wilmington, DE; Don Innamorato, Esq., John McDonald, Esq., Reed Smith LLP, Princeton, NJ, Attorneys for Defendant Super Fresh Food Markets, Inc.

July 16, 2013

ANDREWS, U.S. DISTRICT JUDGE:

Presently before the Court are Defendant United Food and Commercial Workers Local 27's Motion for Summary Judgment (D.I. 50) and associated briefing (D.I. 51, 55, 57), and Defendant Super Fresh Food Markets, Inc.'s Motion for Summary Judgment (D.I. 52) and associated briefing (D.I. 53, 55, 58). For the reasons set forth herein, both Defendants' Motions are **GRANTED**.

## DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the nonmoving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving

party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence ... of a genuine dispute ...." FED.R.CIV.P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49; *see Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

**B. Decision**

Plaintiff Joseph Lardear filed this action under the National Labor Relations Act against his former employer, Super Fresh, for alleged breach of the collective bargaining agreement (Count I), and Local 27 for alleged breach of the duty of fair representation (Count III).[1] (D.I. 1). During the relevant period, Lardear was a member of Local 27 and worked at Super Fresh's

---

[1] The parties stipulated to the dismissal of Count II, in which the defendant was United Food and Commercial Workers International Union. (D.I. 15).

2

customer service desk. (D.I. 53-3 at 93-94; D.I. 51-1, Pl. Dep. App'x 3 at 35). Local 27 and Super Fresh were parties to a Collective Bargaining Agreement ("CBA"). (D.I. 51-1 at 13-47).

Lardear's duties included processing Western Union transactions. (D.I. 51-1, Pl. Dep. App'x 3 at 27-28). He was trained on Western Union procedures and received a handbook on April 1, 2011. *Id.* at 31-32. On April 11, 2011, Lardear processed a Western Union international money transfer for a customer, who later claimed in a statement that she was given $133.28 less than she was entitled to receive. (D.I. 51-1, Waite Decl. ¶ 14). While the source of and intent behind the discrepancy is disputed, it is undisputed that Lardear created a false entry in the cash register to reconcile the dollar amount of register transactions and the cash in the till, instead of voiding the transaction or seeking help from a manager or coworker. (D.I. 51-1, Pl. Dep. App'x 3 at 29-30, 134-38). Lardear admitted that this was a violation of company policy that could result in his immediate discharge. (D.I. 51-1, Pl. Dep. App'x 2 at 172-73).

Super Fresh investigated the incident and suspended, then ultimately terminated, Lardear for knowingly creating a false business record in violation of company policy.[2] (D.I. 51-1, Waite Decl. ¶¶ 11, 20, 24; D.I. 1, ¶ 15; D.I. 53-4 at 11-12, 13, 140, 150, 151-52). On April 14, 2011, Lardear was arrested for theft; the charges were later dropped. (D.I. 1, ¶¶ 13-14). Local 27 filed a grievance to challenge Lardear's suspension under the CBA with Super Fresh. Union representative Carol Waite handled the grievance. Her investigation included speaking with Lardear; speaking with the Super Fresh co-manager and loss prevention specialist; reviewing documents including the register tape, the receipt for the Western Union transaction, the

---

[2] The terms of Lardear's suspension are not clear from the record. Neither are the circumstances in which Lardear's status changed from suspended to terminated. It does not appear this distinction is material to any issue before the Court.

customer's written statement, and the sign-in sheet for Lardear's Western Union training; reviewing surveillance video of Lardear handling the cash register in connection with the transaction; and contacting other stores to determine proper procedures for Western Union transactions. (D.I. 51-1, Waite Decl. ¶¶ 13, 14, 16, 17, 18).

The parties met to attempt to resolve the grievance on May 12, 2011. *Id.* ¶ 20. Lardear's suspension was attributed to the Western Union transaction and violation of company policy. *Id.* Waite stated there was no evidence that Lardear stole anything, and explained to him that he was facing termination not for stealing, but for violation of company policy. (*Id.* ¶¶ 22, 23). Super Fresh upheld its decision to terminate Lardear, and Local 27 determined it could not take the grievance to arbitration based on the merits of the case. *Id.* ¶¶ 24, 25. Local 27 shared its decision with Lardear by letter dated May 17, 2011. *Id.* ¶ 24; (D.I. 51-1 at 44). Lardear responded by requesting a copy of Local 27's grievance on May 23, 2011, and Local 27 responded and enclosed a copy of the grievance on May 25, 2011. (D.I. 51-1, Pl. Dep. App'x 3 at 20-21; D.I. 51-1, Waite Decl. ¶ 26; D.I. 51-1 at 46, 48).

*1. Local 27's Motion*

Local 27 moved for summary judgment on Count III on the basis that Lardear has not put forth any evidence that Local 27 breached the duty of fair representation it owes Lardear. A union breaches that duty if it acts arbitrarily, discriminatorily, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Local 27 briefed all three categories (D.I. 51 at 15-20); in opposition, Lardear asserted Local 27 breached the duty of fair representation by acting in bad faith, specifically by failing to communicate the reason for his termination, by not requesting dismissal

4

of the criminal charges, and by not taking his grievance to arbitration. (D.I. 55 at 5, 18, 20). The Court thus need not reach whether Local 27 acted arbitrarily or discriminatorily.

Lardear claims Local 27 failed to communicate with him about his discharge, including by sending him a copy of the grievance, responding to his letters, and providing the basis for his discharge. A union's failure to keep a discharged employee informed about its decision to pursue a grievance or not does not constitute a breach of the duty of fair representation, particularly where, as here, the plaintiff suffered no prejudice due to the union's failure to respond. *See Bazarte v. Union Transportation Union*, 429 F.2d 868, 872 (3d Cir. 1970). In *Bazarte*, the union's grievance officer did not inform the plaintiff that the union was not prosecuting the grievance any further, and did not respond to a letter asking for documentation and assistance. *Id.* at 871. Here, the undisputed record shows Lardear participated in Local 27's investigation and the parties' attempt to resolve the grievance, and did in fact receive the grievance along with other explanatory correspondence from Local 27. (D.I. 51-1, Pl. Dep. App'x 3 at 21-23; D.I. 51-1, Waite Decl. ¶¶ 26-27; D.I. 51-1 at 44, 48, 52). Lardear was also informed that he faced termination because he violated company policy. (D.I. 51-1, Waite Decl. ¶¶ 20, 22-23). Lardear has presented no evidence of prejudice. The extent of Local 27's communications with Lardear do not constitute a breach of the duty of fair representation.

Lardear also claims Local 27 breached its duty by not assisting in procuring the dismissal of the pending criminal charges Super Fresh brought against him stemming from the Western Union transaction, noting Waite's statements that there was no evidence that Lardear stole anything. Lardear asserts that he "specifically asked Local 27 to help him with the unsubstantiated criminal charges" in his letter of May 23, and that Local 27 "was quite aware that

5

there was no basis for such charges and had a position superior to Mr. Lardear's with regard to contacting the employer to have such baseless charges removed." (D.I. 55 at 13, 14).

Local 27 responds by asserting that an employer's criminal charges against a union member are outside the scope of the union's duty of fair representation. Local 27 notes that the scope of the duty of fair representation is commensurate with the scope of the union's statutory authority as the exclusive bargaining agent. *See Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 312 (3d Cir. 2004); *Freeman v. Local Union No. 135*, 746 F.2d 1316, 1320-21 (7th Cir. 1984) ("If a union does not serve as the exclusive agent for the members of the bargaining unit with respect to a particular matter, there is no corresponding duty of fair representation."). Local 27 also notes that state law claims by employees against employers, including those for false arrest, are not preempted by collective bargaining law as they are beyond the scope of the labor contract. *See Cabibbo v. Parsons Inspection & Maintenance Corp.*, 2009 WL 3074731, *5-6 (D.N.J. Sept. 23, 2009); *Cole v. Pathmark of Fairlawn*, 672 F.Supp. 796, 802 (D.N.J. 1987). Here, the CBA reserves Super Fresh's right to control its property and operate its business as it sees fit. (D.I. 51-1 at 15).

Local 27's response does not squarely provide that as a matter of law, unions have no duty to assist in the context of an employer bringing charges against an employee based on the conduct that led to the discharge. It is true that the scope of the duty of fair representation is commensurate with the scope of the union's statutory authority as the exclusive bargaining agent. *Bensel*, 387 F.3d at 312; *Freeman*, 746 F.2d at 1320-21. Local 27's cases do provide that an *employee's* state law claims against the *employer* that do not require interpretation of the labor contract are not encompassed by duty of representation claims. *Cabibbo*, 2009 WL 3074731, at

6

*5-6; *see also Cramer v. Consolidated Freightways*, 255 F.3d 683, 689-92 (9th Cir. 2001). Illegal conduct is not encompassed by the CBA. *Id.* at 695-96. Local 27 has not cited any case law addressing a union's duty with respect to state law claims brought by the employer.

For Lardear's part, Lardear does not provide any basis to conclude that Local 27's duty does encompass handling of criminal charges brought by the employer. Lardear cites no cases in legal support of that premise. As a factual matter, his May 23 letter does not ask Local 27 for assistance with the charges as he asserts it does; in it he stated only, "I need to know if Super Fresh is dropping the unsubstantiated theft charges." (D.I. 55-1 at 46; *see* D.I. 1, ¶ 19).

Local 27 has met its initial burden on this issue by proving the absence of a genuinely disputed material fact relative to the handling of Lardear's charges. Lardear has failed to make a sufficient showing that Local 27 had a duty to assist Lardear in handling the criminal charges brought by Super Fresh – an essential element of his case with respect to which he has the burden of proof. I note, without deciding, that it would be logical for employer state law claims to fall outside the union's duty just as employee state law claims do. The arrest and criminal charges are based on state law, and do not require any interpretation of the labor contract; indeed, a cursory reference to the CBA puts the charges outside the contract's scope. (D.I. 51-1 at 15). The criminal charges were handled, and ultimately dismissed, without any apparent reference to or interpretation of the CBA. (D.I. 1, ¶ 14; D.I. 55 at 13-14); *see Cramer*, 255 F.3d at 691-92. Lardear has shown no basis to conclude that Local 27 had a duty to assist with the charges.

Lardear's third claim is that Local 27 breached its duty of representation by acting in bad faith by not taking his claim to arbitration. Local 27 points out Third Circuit law, which Lardear does not dispute, providing that its duty to represent its members in good faith "does not confer

on an employee an absolute right to force his collective bargaining agent to press his complaint all the way to the very end of the grievance procedures made possible by the collective bargaining agreement." *Bazarte*, 429 F.2d at 872.

> The union has an obligation in exercising its power as bargaining agent to act fairly under the collective bargaining agreement and not to assert or press grievances which it believes in good faith do not warrant such action. An employee, therefore, is subject to the union's discretionary power to settle or even to abandon a grievance, so long as it does not act arbitrarily, and this is true even if it can later be demonstrated that the employee's claim was meritorious. It is therefore essential to plaintiff's claim that there should have been proof of arbitrary or bad-faith conduct on the part of the union in processing his grievance. It follows from this that proof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation.

*Id.* (internal quotation and citations omitted).

Local 27 points to the undisputed facts of Local 27's investigation to argue that it validly exercised its discretion in declining to arbitrate, including Lardear's admission that he did not follow policy and that not doing so could result in termination; that he had been trained on the procedures he failed to follow less than two weeks later; that the customer returned to the store and wrote a statement saying that her transaction was improperly processed and she lost $133.28 as a result; and the depth of Local 27's investigation. (D.I. 51 at 13-14). In response, Lardear submits that Local 27 failed to consider that at the grievance hearing, Lardear had already been criminally charged, so he had to be "exceedingly careful at that time" to not incriminate himself. Lardear also argues that there are genuine issues of material fact pertaining to whether he actually stole the money. (D.I. 55 at 14-16).

Lardear's arguments, while material to whether he stole the $133.28, are not material to the issue of whether Local 27 acted in bad faith in exercising its discretion in processing

Lardear's grievance. *See Vaca*, 386 U.S. at 192-93 (finding error in evaluating a claim of an improperly settled arbitration based on the merits of the grievance). While Lardear's point that he had to avoid self-incrimination due to the pending charges is well taken, it is undisputed that Lardear admitted to being trained in money order processing, to violating company policy, and to understanding that such violations could result in termination of his employment. Lardear has submitted no evidence that Local 27's reliance on his admissions and the remainder of Local 27's investigation was in bad faith.

In sum, Lardear has not put forth any evidence that Local 27 breached its duty of fair representation. Local 27's duty of representation does not encompass the level of communication Lardear argues he was owed. Lardear has not shown that the duty encompasses working toward dismissal of criminal charges brought by Super Fresh. Finally, Lardear's argument that he did not actually steal the missing money does not show Local 27 acted in bad faith in declining to arbitrate Lardear's grievance. Local 27's Motion is granted.

### 2. *Super Fresh's Motion*

Super Fresh moved for summary judgment on Count I on the grounds that Lardear cannot prove that Local 27 violated its duty of fair representation, which is a required showing for the conjoined wrongful termination action against Super Fresh. *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). Lardear concurs that his claim against Super Fresh for breach of the CBA cannot stand unless Local 27 has breached its duty of fair representation. (D.I. 55 at 17) (citing *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 163-64 (1983)). Lardear's claim against Local 27 alleging breach of the duty of fair representation, together with his claim against Super Fresh alleging breach of the collective bargaining agreement, is known as a hybrid suit, wherein

9

he must prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa. *See Felice*, 985 F.2d at 1226. As explained *supra*, Lardear has not shown Local 27 breached its duty of fair representation. Super Fresh's Motion is therefore granted.

Super Fresh also moved for summary judgment on Count I on the grounds that its discharge of Lardear did not breach the CBA with Local 27. The Court need not reach this argument.

## CONCLUSION

For the reasons stated herein, Local 27's Motion and Super Fresh's Motion are both granted. An appropriate order will follow.